IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LUTHER R. WOODS,

    Petitioner,

v.                                       Case No. 4:17-cv-45-MW-GRJ

PAMELA J. BONDI,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing ECF No. 1, a "Petition Pursuant [to] 28 U.S.C. § 1331 and Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202."

Petitioner, a *pro se* inmate, argues that Fla. Stat. § 812.13 is unconstitutional and violates his due process rights because the statute was never enacted. Petitioner asserts that as long as Respondent is able to enforce § 812.13, he will continue to be injured. As relief, Petitioner requests the Court to enjoin Respondent from enforcing the statue.

Petitioner has neither paid the appropriate filing fee nor filed a motion to proceed in forma pauperis, and has failed to file his complaint on the proper court-approved form. Although typically the Court would provide a

*pro se* petitioner with an opportunity to cure these deficiencies, it is not necessary to do so because it would be futile in this case.

Under 28 U.S.C. § 1915A, the court shall determine "as soon as practicable" whether a prisoner's complaint that seeks redress from a government official "is frivolous, malicious, or fails to state a claim upon which relief may be granted."

> A prisoner convicted and sentenced under state law may seek federal relief in two primary ways: (1) a petition for habeas corpus, 28 U.S.C. § 2254, or (2) a complaint under 42 U.S.C. § 1983. . . . . These two avenues of relief are mutually exclusive. If a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights complaint. *Id.* The line of demarcation between a § 1983 claim and a § 2254 habeas claim is based on how the claim relates to a prisoner's conviction or sentence. . . . . "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." . . . . Thus, declaratory or injunctive relief claims that challenge the validity of the prisoner's conviction or sentence and seek release are cognizable only through a § 2254 petition, and not under § 1983.

*Wells v. Attorney Gen., Fla.*, 470 F. App'x 754, 755 (11th Cir. 2012) (internal citations omitted).

To the extent Petitioner attempts to assert his claim as a civil rights claim and seeks injunctive relief, Petitioner's claim is not cognizable as such. A person cannot challenge the constitutionality of a statute unless he shows that he is injured by its operation. *Barrows v. Jackson*, 346 U.S.

249, 255 (1953). Florida Statute Section 812.13 is Florida's criminal robbery statute. Although Petitioner does not say how he is injured by this statute a review of PACER confirms that Petitioner was previously convicted under this statute.[1] Thus, the only possible injury from this statute on Petitioner relates to his statute of conviction.[2] Consequently, assuming Petitioner has standing to challenge this statute, Petitioner would be required to do so via habeas corpus relief. *See Wells*, 470 F. App'x at 756 (district court properly construed petitioner's claim challenging the constitutionality of the Florida statutes under which he was convicted and sentenced because the claims were effectively a challenge to his conviction and sentence and were not cognizable under § 1983). Accordingly, to the extent Petitioner wishes to raise a challenge to the

---

[1] Petitioner currently has a petition for writ of habeas corpus relief under 28 U.S.C. § 2254 pending in the Middle District of Florida, in which he challenges his conviction in the Ninth Judicial Circuit in and for Orange County, Florida, for, among other things, robbery with possession of a firearm, in violation of § 812.13(2)(a). *See Woods v. Sec'y, Dep't of Corrections*, No. 6:16-cv-00652-JA-TBS (M.D. Fla. Apr. 15, 2016).

[2] Although Petitioner's complaint does not mention his conviction and broadly asserts that Respondent should be enjoined from enforcing the statute because it violates due process, the Court need not provide Petitioner an opportunity to elaborate or argue his claim. It is clear, for the reasons discussed herein, that Petitioner's claim is essentially a challenge to his conviction. *See Wells*, 470 F. App'x at 756 (district court did not deny petitioner due process by dismissing petitioner's case without an evidentiary hearing or an opportunity to argue his claims because the Court was within its authority to *sua sponte* dismiss the complaint as soon as practicable on the basis of the complaint and without the consideration of additional arguments).

constitutionality of this statute (if he has not already done so) he must do so in his pending habeas petition.

Alternatively, if the Court construes Petitioner's as a petition for a writ of habeas corpus, Petitioner's claim is still due to be dismissed. Petitioner already has filed a § 2254 petition, which is still pending in the Middle District o Florida.[3] In order to file a second or successive § 2254 petition, however, a petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); *see also Jordan v. Secretary, Dep't of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely). Absent authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255). Thus, Petitioner must first obtain authorization from the Eleventh Circuit prior to filing his petition in this Court.

A review of the Eleventh Circuit Court of Appeals Docket dislcoses, however, that Petitioner has not obtained authorization from the Eleventh

---

[3] *See supra* note 2.

Circuit to file a successive § 2254 petition. Accordingly, even construed as a habeas petition, the Court must dismiss the instant petition for lack of jurisdiction. *See McCallum v. McDonough*, 257 F. App'x 157, 159 (11th Cir. 2007) (reiterating that a district court lacks jurisdiction under the Antiterrorism and Effective Death Penalty Act (AEDPA) to consider a second or successive habeas petition that has not been previously authorized to be filed by an appellate court pursuant to § 2244(b)(3)(A)) (citing *Hill v. Hooper*, 112 F.2d 1088, 1089 (11th Cir. 1997)).

In light of the foregoing, it is respectfully **RECOMMENDED** that the Petition, ECF No. 1, should be **DISMISSED**.

**IN CHAMBERS** this 30th day of January, 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.